PLOTKIN, Judge,
dissenting.
For the following reasons, I respectfully dissent to the majority’s conclusion that the trial judge properly granted the exception to jurisdiction filed by defendants Judge Cannizzaro and D.A. Connick. I would re *1069 verse the trial judge’s finding that Civil District Court has no jurisdiction to decide this matter, deny the exception and remand the case to the trial judge for determination of the status of the documents in question under Louisiana’s Public Records Act.

Jurisdiction

As the majority notes, the Public Records Act specifically provides for jurisdiction to seek a writ of mandamus in the district court of the parish in which the custodian’s office is located. LSA-R.S. 44:35. This statement of jurisdiction causes problems in Orleans Parish because of the division of Civil District Court and Criminal District Court. The problem is further complicated in this case by the fact that one of the custodians of the records is a Criminal District Court judge. As the majority states, the resolution of the problem turns on whether the issue is civil or criminal in nature. I disagree with the majority’s holding that the issue is criminal. The majority decision states that “[tjhere can be no doubt that a report from a criminal grand jury impaneled and presided over by a Criminal District Judge is criminal in nature and under the jurisdiction of the Criminal District Court.” However, I see the issue differently. The reports themselves are obviously criminal in nature, but I believe that the determination of whether the reports fall within the provisions of the Public Records Act is nonetheless civil in nature.
The Public Records Act is clearly a civil statute and I believe that any controversies arising under the provisions of LSA-R.S. 44:1 et seq. should therefore be decided by the Civil District Court in Orleans Parish. This conclusion is supported by a review of LSA-R.S. 13:1336 and 13:1137, which define jurisdiction in the two courts and are quoted by the majority. LSA-R.S. 13:1336, relative to jurisdiction of Criminal District Court, clearly restricts the jurisdiction of Criminal District Court to matters involving trial and punishment of crimes, as set out in Title 14 of the Louisiana Revised Statutes. Jurisdiction in all other matters is reserved to Orleans Parish Civil District Court. Since the Public Records Act is found under Title 44 of the Revised Statutes, I believe that proper jurisdiction is in the Civil District Court. Under this analysis, the trial court’s granting of the exception to jurisdiction in the instant case was improper.
The majority cites a number of cases which hold that a Civil District Court judge has no jurisdiction over a Criminal District Court judge acting in his official capacity. I have no quarrel with that principle. However, I do not believe that Judge Can-nizzaro was acting in his official capacity as a Criminal District Court judge when he denied the plaintiffs access to the reports which are the subject of this case. A careful reading of the record reveals that Judge Cannizzaro never made any formal ruling concerning the status of the reports as public records. He simply made a statement in a letter answering plaintiffs' written demand for production of the reports that he “is of the opinion” that the reports do not fall under the statute. No motion was filed on that issue, no hearing was held and no formal judgment was issued. In my view, plaintiffs made written demand on Judge Cannizzaro, not as a Criminal Court Judge, but as custodian of the report, in compliance with the express provisions of the Public Records Act. Judge Cannizzaro’s answer rejecting that demand was written in the same capacity. I agree that a Civil District Court judge should not be given jurisdiction to enjoin or compel a Criminal District Court judge concerning areas over which Criminal District Court has original jurisdiction. However, I feel that rule should not apply here because Judge Cannizzaro was not acting as a Criminal Court judge when he refused the plaintiffs’ request. The Civil District Court judge to whom the question is properly addressed should not be bound by such an informal action taken by a Criminal Court judge, especially if, as I believe, that Criminal Court judge has no jurisdiction over controversies arising under the Public Records Act.
Further, I believe that if this controversy had arisen in any other parish in the state, where civil and criminal jurisdiction are combined in a single district court, a differ *1070 ent judge from the one who is the custodian of the report would have had to decide the status of the report under the Public Records Act. The majority emphasizes the fact that one branch of court is exercising jurisdiction over another branch of the court if Civil District Court is allowed to hear this case. However, in my view, Judge Cannizzaro is just like any other public official who happens to have custody of a document which potentially falls under the provisions of the Public Records Act. The fact that he also happens to be a judge should not influence the application of the procedure provided by law in the statute covering this issue. His activities as custodian of the report should be reviewed by a district court judge before the issue is brought before this court.
I therefore disagree with the majority’s statement that the proper procedure for seeking review of Judge Cannizzaro’s ruling would have been for the plaintiffs to file supervisory writs in this court immediately after Judge Cannizzaro refused their request for production of the documents. Since Judge Cannizzaro never made any formal ruling on the issue, there was no action for this court to review at that point. Therefore, in my view, the plaintiffs could not have properly invoked the jurisdiction of this court immediately following Judge Cannizzaro’s informal statement of his “opinion” that the reports do not fall under the statute. Additionally, and significantly, the plaintiffs were simply following the express provisions of the Public Records Act when they filed suit for a writ of mandamus in the Civil District Court.

Status of the Reports Under the Public Records Act

I also disagree with the majority’s decision to review the documents in question and make a ruling on their status under the Public Records Act. I would remand the case to the trial judge and order him to make an independent determination of whether the reports requested properly fall under the provisions of the Public Records Act. As indicated above, I do not feel that issue is properly before this court at this time because no district court has made any formal ruling regarding that issue and because the parties have not briefed that issue.
Even if Judge Cannizzaro was correct in his only formal ruling in this case — that the reports were unauthorized under La.C.Cr. P. arts. 434 and 444 and LSA-R.S. 15:121 —I don’t believe that fact necessarily precludes their classification as public records. On the record as it stands, the plaintiffs’ contention that the reports were ordered by the district attorney’s office in the first place is uncontested. Even if the grand jury is not ordinarily authorized by statute to file reports for the type of investigation involved here, the fact is that the reports do exist and therefore all or part of the documents might be public records. The statutes provide that the custodians of the report have the burden of sustaining their action refusing access to the reports. Therefore, I would remand the case and place the burden of proving that the reports fall outside the Public Records Act on Judge Cannizzaro and D.A. Connick.
La.C.Cr.P. art. 434, which establishes the secrecy of grand jury proceedings, allows persons to reveal statutory irregularities. I disagree with the majority’s implied finding that only “information or evidence which would lead to ... prosecutorial action” would qualify as a “statutory irregularity.” The Public Records Act allows the district judge deciding the writ application to view the documents in camera before deciding the issue. I feel that he should be allowed to review the documents and, if his review reveals that the reports deal with statutory irregularities of any kind, that fact should be considered in the decision concerning the status of the reports as public records.
Additionally, the majority reviewed only the five-page “sanitized” report actually prepared by members of the district attorney’s office. After seeing only that report, they conclude that the reports requested by the plaintiffs do not fall under the Public Records Act. Obviously, the report prepared by the district attorney’s employees does not contain information critical to the district attorney’s office. I am not sur *1071 prised that the majority failed to find any “information or evidence which would lead to any type of prosecutorial action.” The employees who prepared the final report excised eight pages of materials the members of the grand jury felt were important enough to report. Certainly this court should not decide an issue not even presented by this appeal without even viewing the most important document in question.
For the above and foregoing reasons, I would reverse the trial judge’s decision granting the exception to jurisdiction and remand the case for further proceedings.